UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-30096-KPN

DENNIS COLEMON,
Plaintiff,

v.

KAWASAKI MOTORS CORP., USA
Defendant.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, the defendant, Kawasaki Motors Corp., USA ("KMC"), notices the removal of the above-referenced matter on the following grounds:

1. Plaintiff, Dennis Colemon, claimed resident of Massachusetts, has filed a complaint in the Superior Court of the Commonwealth of Massachusetts in Hampden County, and served a summons and Complaint upon KMC. Copies of the summons and complaint are attached hereto as Exhibit A. No other process, pleadings or orders have been served upon KMC. A copy of the civil action cover sheet is also included in Exhibit A.

2. KMC first received the summons and complaint on or about April 18, 2005.

3. KMC is a foreign corporation with a principal place of business in California.

4. Removal is authorized by 28 U.S.C. §1441 and is based upon the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. §1332 because there is

diversity of citizenship between the plaintiff and the defendant; the defendant is not a citizen of Massachusetts; and the amount in controversy exceeds $75,000. The Civil Action Cover Sheet and Complaint in this case claim damages for injuries sustained due to the alleged negligence of KMC that exceeds $706,936.

5. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court in Hampden County, and a copy will be served on the plaintiff. A copy of the cover letter to said clerk, which was copied to plaintiff's counsel, is attached as Exhibit B.

6. KMC hereby reserves all rights and defenses, and waives none by virtue of this removal.

WHEREFORE, defendant Kawasaki Motors Corp., U.S.A. respectfully removes this action from the Massachusetts Superior Court in Hampden County, to this Court.

Defendant,
Kawasaki Motors Corp., U.S.A.
By its attorneys,

Peter M. Durney, BBO # 139260
Gregg P. Bailey, BBO # 648259
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
TEL: (617) 482-8100
FAX: (617) 482-3917

## CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, Kawasaki Motors Corp., U.S.A., hereby certify that on the 25th day of April, 2005, a true copy of the foregoing, Notice of Removal, was served by mail, postage prepaid, directed to:

Carolyn L. McCaffrey, Esq.
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103

_____
Gregg P. Bailey

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER



# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05 378

DENNIS COLEMON , PLAINTIFF(S)

V.                                      SUMMONS

KAWASAKI MOTORS CORP., USA , DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon Carolyn L. McCaffrey, Esquire , plaintiff's attorney, whose address is 1391 Main St., Ste 600, Spfld., MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire ~~Suzanne V. DelVecchio, Esq.~~, at Springfield the _____ day of _____ in the year of our Lord two thousand ~~three~~ five.

_Marie G. Mazza_ (signature)

Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: HAMPDEN | Docket Number:<br>05-375 |
|---|---|---|

PLAINTIFF(S)

Dennis Colemon

DEFENDANT(S)

Kawasaki Motors Corp., USA

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

- Carolyn L. McCaffrey, Esquire, Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600, Springfield, MA 01103 (413) 732-2825

Board of Bar Overseers Number   646810

ATTORNEY (if known)

COPY

### Origin code and track designation

Place an x in one box only:
1. F01 Original Complaint
2. F02 Removal to Sup. Ct. C. 231, s. 104
    (Before trial)                                                                                      (F)
3. F03 Retransfer to Sup. Ct. C. 231, s. 102C                                       (X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial)      (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/
    Order (Mass. R. Civ. P. 60)                                                                  (X)
☐ 6. E10 Summary Process Appeal                                                       (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses..............................................................................$ 3,036.22
2. Total Doctor expenses................................................................................$ 35,482.34
3. Total chiropractic expenses........................................................................$ 0.00
4. Total physical therapy expenses.................................................................$ 0.00
5. Total other expenses..................................................................................$ 2,816.50
   Subtotal $ 41,335.06
B. Documented lost wages and compensation to date.......................................$ 68,855.28
C. Documented property damages to date.........................................................$ 0.00
D. Reasonable anticipated future medical and hospital expenses.......................$ 0.00
E. Reasonable anticipated lost wages.................................................................$ 596,745.76
F. Other documented items of damages (describe):
                                                                                                                               $ 0.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe):
On or about April 12, 2002, while the Plaintiff was operating his 2001 Kawasaki motorcycle, oil leaked from the alternator causing loss of traction resulting in an accident, causing the Plaintiff to suffer servere injuries. Specifically, Plaintiff suffered a severe crush injury to the right foot, including second-degree skin loss over entire foot, and right shoulder rotator cuff tendinitis.

TOTAL   $ 706,936.10

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL   $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record   /s/ Carolyn McCaffrey                    DATE:   April 11, 2005

A.O.S.C. 2003                                                                                                        PSC (800) 518-8726 – c.g.f.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                         SUPERIOR COURT DEPT.
                                                     OF THE TRIAL COURT
                                                     CIVIL ACTION NO.:

|                                    |                        |
|------------------------------------|------------------------|
| DENNIS COLEMON,                    | 05: 375                |
| Plaintiff,                         |                        |
|                                    | **COMPLAINT AND**      |
| v.                                 | **JURY DEMAND**        |
|                                    |                        |
| KAWASAKI MOTORS CORP., U.S.A.,     |                        |
| Defendant                          |                        |

## PARTIES

1. The Plaintiff, Dennis Colemon, is an individual residing at 49 Cortland Street, in Springfield, Hampden County, Massachusetts.

2. The Defendant, Kawasaki Motors Corp., U.S.A., on information and belief is a corporation organized under the laws of the State of Delaware with a principal place of business located at 9950 Jerinomo Road, Irvine, California.

3. Jurisdiction over the Defendant is conveyed upon this court under G.L. c. 223A, §3.

## COUNT I
(Breach of Express and Implied Warranty)

4. The Plaintiff incorporates and realleges the allegations of paragraphs 1 through 3 as if fully stated herein.

5. The Defendant, Kawasaki Motors Corp., U.S.A., designed, selected parts and materials for, developed, manufactured, assembled, packaged, tested, advertised, promoted, marketed and sold a certain 2001 Kawasaki motorcycle, Model No. ZX1200A2, VIN/Serial No. JKAZX9A111A025526.

6. On or about February 25, 2002, the Plaintiff purchased the 2001 Kawasaki motorcycle, Model No. ZX1200A2, VIN/Serial No. JKAZX9A111A025526, which was manufactured and sold by the Defendant, Kawasaki Motors Corp., U.S.A, from Baer's Cycle Sales, Inc., a local authorized distributor of the product. The Plaintiff was an individual who would have reasonably been expected to use, consume or be affected by the 2001 Kawasaki motorcycle, Model No. ZX1200A2.

7. On or about April 12, 2002, while the Plaintiff was operating the 2001 Kawasaki motorcycle, Model No. ZX1200A2, in Springfield, Massachusetts, for the purpose and in the manner in which it was intended to be used, oil leaked from the alternator lead connector and deposited onto the rear tire and/or road causing a loss of traction, resulting in an accident, causing Plaintiff to suffer severe injuries.

8. Thereafter, in December, 2002, Plaintiff received a notice from Defendant, Kawasaki Motors Corp, U.S.A. Said notice acknowledged Plaintiff purchased a 2001 Kawasaki motorcycle, Model No. ZX1200A2, and that said model is defective in that "oil leaking from the alternator lead connector can be deposited onto the rear tire creating the potential for a loss of traction and an accident resulting in injury or death."

9. The Defendant, Kawasaki Motors Corp., U.S.A., impliedly warranted that the 2001 Kawasaki motorcycle, Model No. ZX1200A2 was of merchantable quality, fit for the purposes for which it was designed and manufactured, fit for the specific purpose for which it was intended to be used, and that adequate warnings and instructions were provided to purchasers and end-users.

10. The Defendant, Kawasaki Motors Corp., U.S.A., breached its implied warranty in that the product was not of merchantable quality, fit for the purposes for which it was designed and manufactured, fit for the specific purpose for which it was intended to be used, and that adequate warnings and instructions were not provided to purchasers and end-users.

11. The Defendant, Kawasaki Motors Corp., U.S.A., expressly warranted by affirmation of fitness, safety and merchantability that the 2001 Kawasaki motorcycle, Model No. ZX1200A2 was safe in its intended use and safe for use by persons such as the Plaintiff.

12. The Defendant, Kawasaki Motors Corp., U.S.A., breached its express warranty in that the 2001 Kawasaki motorcycle, Model No. ZX1200A2 was not safe for its intended use or for the use of persons such as the Plaintiff.

13. As a direct and proximate result of Defendant's breach of the express and implied warranty, the Plaintiff suffered severe injuries causing him great pain of body and mind, incurred substantial medical expenses, and has suffered an impairment to his earning capacity.

COUNT II
(Negligence)

14. The Plaintiff incorporates and realleges the allegations of paragraphs 1 through 13 as if fully stated herein.

15. The injuries sustained by the Plaintiff were the direct and proximate result of the

negligence of the Defendant, Kawasaki Motors Corp., U.S.A., as follows:

    a) Defendant negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed said 2001 Kawasaki motorcycle, Model No. ZX1200A2;

    b) Defendant negligently failed to warn or instruct Plaintiff and other users of the product of its dangerous and defective characteristics, and of the safe and proper method of using said product.

16. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered severe injuries causing him great pain of body and mind, incurred substantial medical expenses, and has suffered an impairment to his earning capacity.

## COUNT III
### (Strict Liability)

17. The Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16 as if fully stated herein.

18. The Defendant, Kawasaki Motors Corp., U.S.A., manufactured and/or placed upon the market a certain 2001 Kawasaki motorcycle, Model No. ZX1200A2, VIN/Serial No. JKAZX9A111A025526, which was intended by the Defendant for use by consumers such as Plaintiff.

19. The Defendant, Kawasaki Motors Corp., U.S.A., through its agent sold the hereinabove described 2001 Kawasaki motorcycle, Model No. ZX1200A2, VIN/Serial No. JKAZX9A111A025526 to the Plaintiff.

20. The Defendant expected the hereinabove described 2001 Kawasaki motorcycle, Model No. ZX1200A2 to reach the ultimate consumer, the Plaintiff, without substantial change in the condition in which it was sold and upon information and belief the hereinabove described 2001 Kawasaki motorcycle, Model No. ZX1200A2 did reach the Plaintiff without substantial change in the condition in which it was sold.

21. Defendant knew that this 2001 Kawasaki motorcycle, Model No. ZX1200A2 would be used without inspection for defects, and by placing it upon the market represented that it would be safe when used by consumers.

22. The 2001 Kawasaki motorcycle, Model No. ZX1200A2 was unreasonably dangerous to the user and unsafe for its intended use by reason of the design of motorcycle, including without limitation the alternator lead connector, which leaked oil onto the rear tire and/or road, causing a loss of traction and an accident.

23. The Plaintiff was unaware of the defect in the 2001 Kawasaki motorcycle, Model No. ZX1200A2 hereinabove alleged, which made it unsafe for its intended use.

3

24. As a direct and proximate result of the defective design of the 2001 Kawasaki motorcycle, Model No. ZX1200A2, the Plaintiff suffered a severe injuries causing him great pain of body and mind, incurred substantial medical expenses, and has suffered an impairment to his earning capacity.

WHEREFORE, the Plaintiff, Dennis Colemon, hereby prays as follows:

1. That Judgment be entered against Kawasaki Motors Corp., U.S.A. pursuant to all Counts of Plaintiff's Complaint and award to the Plaintiff, Dennis Colemon, damages plus interest and costs of suit; and

2. For such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

THE PLAINTIFF,
DENNIS COLEMON
By his attorney,

_____ 4/11/05
Carolyn L. McCaffrey, Esq.
BBO #646810
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103
(413) 732-2825
Fax (413) 732-3346

4

## CORNELL & GOLLUB
ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY*+
DAVID W. McGOUGH***+
THOMAS A. PURSLEY◊+
MARIE CHADEAYNE CHAFE∆
JAMES P. KERR
PATRICIA A. HARTNETT◊
GREGG P. BAILEY∆
MARCI J. SHYAVITZ
CHRISTINE A. KNIPPER
ANTHONY J. MANHART*
JAY W. HANNON
CARLO F. BONAVITA
JESSICA L. FRITZ☆

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

∆ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
+ ALSO ADMITTED IN NEW HAMPSHIRE
☆ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

April 25, 2005

Civil Clerk's Office
Hampden Superior Court
50 State Street
Springfield, MA 01102-0559

**VIA OVERNIGHT DELIVERY**

RE:   Dennis Colemon v. Kawasaki Motors Corp., U.S.A.
      C.A. No.: 05-378

Documents:

1.)   Notice of Filing Notice of Removal

2.)   Notice of Removal filed in the United States District Court

Dear Sir/Madam:

Pursuant to 28 U.S.C. §1441(d), enclosed for filing please find the documents described above, including a copy of the Notice of Removal filed with the U.S. District Court for the District of Massachusetts, which provides notice that the defendant has filed a Notice of Removal, hereby removing the above-captioned matter to the United States District Court for the District of Massachusetts.

I wish to obtain a certified copy of the state filings, and ask that you forward those materials to me at your earliest opportunity. Please also forward to me any copying costs that may be incurred, which will be paid promptly.

Thank you for your assistance in this matter. Please feel free to call me directly at (617) 912-6568 if you have any questions or concerns.

Very truly yours,

Gregg P. Bailey

GPB/bmh
Enclosures
cc:   Carolyn L. McCaffrey, Esq. (via first-class mail)

JS 44   (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Dennis Colemon
49 Cortland Street
Springfield, MA

(b) County of Residence of First Listed Plaintiff   Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Kawasaka Motors Corp., U.S.A.
Irvine, CA   92618

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Carolyn L. McCaffrey
Frank P. Fitzgerald, P.C.
1391 Main Street
Springfield, MA   01103     (413) 732-2825

Attorneys (If Known)
Gregg P. Bailey, Peter M. Durney, Anthony J. Manhart
Cornell & Gollub
75 Federal ST., Boston, MA 02110 (617)432-8100

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Action |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sec. 1331 - Federal Diversity Jurisdiction with an amount in controversy exceeding $75,000.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   N/A    JUDGE _____    DOCKET NUMBER _____

DATE   April 25, 2005    SIGNATURE OF ATTORNEY OF RECORD   Gregg P. Bailey

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

315924

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Colemon v. Kawasaki Motors Corp., U.S.A.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☒

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Gregg P. Bailey__
ADDRESS __Cornell & Gollub, 75 Federal St., Boston, MA  02110__
TELEPHONE NO. __(617) 482-8100__

(Coversheetlocal.wpd - 10/17/02)