UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 3:05-CV-30096-KPN

DENNIS COLEMON,
       Plaintiff,

v.

KAWASAKI MOTORS CORP., U.S.A.
       Defendant.

**DEFENDANT KAWASAKI MOTORS CORP., U.S.A.'S
ANSWER TO PLAINTIFF'S COMPLAINT AND
<u>AFFIRMATIVE DEFENSES WITH JURY DEMAND</u>**

Defendant Kawasaki Motors Corp., U.S.A. ("KMC" and/or "defendant") answers the serially numbered counts and paragraphs of the plaintiff's Complaint as follows:

PARTIES

1. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted that KMC is a corporate organization under the laws of the State of Delaware and has a place of business in Irvine, California, but otherwise denied.

3. Denied except to state that KMC does not contest personal jurisdiction for purposes of this litigation only.

COUNT I – BREACH OF EXPRESS AND IMPLIED WARRANTY

4. The defendant incorporates by reference its answers to the allegations contained in paragraphs 1-3, as if fully set forth herein.

5. Admitted that KMC markets and distributes certain motorcycles, including at one time a model known as a 2001 ZX1200A2, a unit of which had VIN JKAZX9A111A025526. Otherwise, denied.

6. Admitted that plaintiff was the registered owner of a 2001 ZX1200A2, which based upon information and belief he purchased on or about February 25, 2002 from an independent authorized dealer, Baer's Cycle Sales, Inc. The first sentence is otherwise denied. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence in this paragraph.

7. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Any allegations of negligence and/or breach of implied or express warranty in this paragraph, however, are expressly denied.

8. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, except to state that KMC sent Bulletin MC 02-11 to plaintiff on or about December 16, 2002, which contained certain language, some of which has been taken out of context and quoted in the Complaint. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the paragraph. Any allegations of negligence and/or breach of implied or express warranty in this paragraph, however, are expressly denied.

9. KMC admits that certain warranties may arise as a matter of law upon the sale of a new product in Massachusetts, but any allegations of negligence and/or breach of implied or express warranty in this paragraph are expressly denied.

10. Denied.

11. The allegations in this paragraph consist of a legal conclusion to which KMC is not required to respond, but any allegations of negligence and/or breach of implied or express warranty in this paragraph are expressly denied.

12. Denied.

13. Denied.

## COUNT II - NEGLIGENCE

14. The defendant incorporates by reference its answers to the allegations contained in paragraphs 1-13, as if fully set forth herein.

15. Denied

    a. Denied.

    b. Denied.

16. Denied.

## COUNT III – STRICT LIABILITY

17. The defendant incorporates by reference its answers to the allegations contained in paragraphs 1-16, as if fully set forth herein.

18. The defendant admits that it markets and distributes certain motorcycles, including at one time a model known as a 2001 ZX1200A2, a unit of which had VIN

JKAZX9A111A025526, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph. Any allegations of negligence and/or breach of implied or express warranty in this paragraph, however, are expressly denied.

19. Denied, except to state that, based upon information and belief, plaintiff purchased the subject motorcycle from Baer's Cycle Sales, Inc., which is not an agent of KMC.

20. Denied to the extent that authorized dealers conduct certain activities in connection with a Pre-Delivery Checklist before a ZX1200A2 is delivered to a consumer. Otherwise, denied in the form alleged.

21. Denied.

22. Denied.

23. The defendant lacks knowledge or information sufficient to form a belief as to the truth of this paragraph. Any allegations of negligence and/or breach of implied or express warranty in this paragraph, however, are expressly denied.

24. Denied.

The remaining statements are prayers for relief to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or others over whom KMC had no control may have failed to preserve the subject vehicle in its immediate post-accident condition, causing a spoliation of evidence that has irreparably prejudiced KMC in its defense of this case.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's negligence exceeds the negligence of the defendant, or his right to recover is reduced proportionately by the degree of his own negligence relative thereto.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by a person or entity for whose conduct the defendant is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

Even if the subject vehicle were defective, which KMC specifically denies, the plaintiff's injuries and damages alleged, if any, were caused by a third party's intentional, knowing and/or negligent misuse of the product.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's late notice of any alleged breach of warranty has prejudiced KMC, wherefore plaintiff's right to recover is barred.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted. In addition, Count III of Plaintiff's Complaint states a claim that is not recognized under Massachusetts law, and thus must fail.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the statutes of limitations.

**KAWASAKI MOTORS CORP., USA, DEMANDS A TRIAL BY JURY.**

Defendant,
Kawasaki Motors Corp., USA,
By its attorneys,

Peter M. Durney, BBO # 139260
Gregg P. Bailey, BBO # 648259
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
TEL: (617) 482-8100
FAX: (617) 482-3917

### CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, Kawasaki Motor Corp. USA, hereby certify that on the 29th day of April, 2005, a true copy of the foregoing, Defendant Kawasaki Motors Corp., U.S.A.'s Answer to Plaintiff's Complaint and Affirmative Defenses with Jury Demand, was served by mail, postage prepaid, directed to:

Carolyn L. McCaffrey, Esq.
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103

Gregg P. Bailey